# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2145
No. 05-2147

_____

| | |
|---|---|
| Estate of Kathryn M. Buder, deceased, by and through, as personal and representative of the Estate of Kathryn M. Buder, deceased, as trustee of the G.A. Buder, Jr. Residuary Trust, and as beneficiary of the G. A. Buder, Jr. Residuary Trust – G.A. Buder, III – Theodore A. Buder – Marshall O. Buder; G. A. Buder, Jr. Residuary Trust by and through, as trustee of the G. A. Buder, Jr. Residuary Trust, and as beneficiary of the G.A. Buder, Jr. Residuary Trust – G. A. Buder, III – Theodore A. Buder – Marshall O. Buder; G. A. Buder, III, Theodore A. Buder, and Marshall O. Buder as the remaining beneficiaries of the G. A. Buder, Jr. Residuary Trust; Theodore A. Buder, as a remaining beneficiary of the G. A. Buder, Jr. Residuary Trust; Marshall O. Buder, as a remaining beneficiary of the G.A. Buder, Jr. Residuary Trust, | Appeals from the United States District Court for the Eastern District of Missouri. |
| Appellants/Cross-Appellees, | |
| v. | |
| United States of America, | |

Submitted:   January 9, 2006
Filed:    February 7, 2006
_____

Before MURPHY, FAGG, and SMITH, Circuit Judges.
_____

FAGG, Circuit Judge.

The facts are undisputed and were fully recited by the district court in this case. Estate of Kathryn M. Buder v. United States, 372 F. Supp. 2d 1145, 1146-48 (E.D. Mo. 2005). We give an abbreviated version here. When G.A. Buder, Jr. died in 1984, his will created a residuary trust for the benefit of his wife and children. His estate treated the residuary trust as qualified terminable interest property (QTIP) and claimed a marital deduction for the trust's value. During litigation over a charitable deduction, the Government raised an affirmative set-off defense that the residuary trust did not qualify as a QTIP. Because the Government did not raise the issue until ten days before trial, however, the court refused to consider the unpleaded defense as untimely. See Buder v. United States, 7 F.3d 1382 (8th Cir. 1993) (affirming district court).

When Buder's wife died in 2000, her personal representatives included the residuary trust in her estate's federal estate tax return. Two years later, the estate representatives and Buder's sons filed this action asserting claims for refunds of federal estate tax based on incorrect inclusion of the trust on Buder's wife's return. The Government acknowledged the residuary trust should have been taxed with the G.A. Buder estate, but it was not because of the estate's QTIP election. The Government conceded the sons were entitled to a refund plus interest, but argued the amount of the refund should be offset by a proportionate amount of the tax that should have been paid on the trust by G.A. Buder's estate. Because the statute of limitations

had run on any action by the Government to recover the tax, the Government invoked the doctrine of equitable recoupment.

The district court[*] analyzed the elements of equitable recoupment and concluded they were satisfied, id. at 1150-59, but limited the amount recouped to the tax burden that would have been borne by the plaintiffs if the improper QTIP election had not been made and the tax had been imposed in a timely manner, id. at 1162 & n.25. As for interest on the equitable recoupment, the court examined the tax statutes cited by the parties, and agreed with the parties that the tax code's general rule is that interest is paid on tax unpaid on or before the due date, with narrow exceptions. The court observed, however, that

> none of the Code provisions directly address whether interest is due in the equitable recoupment context. Equitable recoupment is an affirmative defense; it is an equity-based remedy available to [the Government] here only to prevent Plaintiffs' unjust enrichment. The doctrine was not created to allow the Government to collect taxes that have not been paid on time; instead, the doctrine in this case is applied to reduce the refund to which Plaintiffs are lawfully entitled.

Id. at 1164. After noting that the cases cited by the Government failed to provide guidance on the interest issue, and finding some "relevant guidance" in IES Industries, Inc. v. United States, 349 F.3d 574 (8th Cir. 2003) (no interest awarded on tax underpayments offset from overpayments), the court declined to award interest on the equitable recoupment. Id. at 1164-65.

On appeal, the Plaintiffs argue the district court abused its discretion in granting the Government equitable recoupment. The district court carefully analyzed the doctrine's three elements and concluded they were satisfied. First, the court

---

[*]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

-3-

concluded the creation of the residuary trust and the resulting tax on that property is a single event subjected to inconsistent tax treatment due to the erroneous QTIP election. Id. at 1151-53. Second, the court observed the Government's claim against the G.A. Buder estate is barred by the statute of limitations. Id. at 1153-55. Third, the court concluded there is a sufficient identity of interest between the G.A. Buder estate and the Kathryn Buder estate that they should be treated as one taxpayer. Id. at 1155-59. Having carefully reviewed the equitable recoupment issue, we cannot say the district court abused its discretion and have nothing to add to the district court's thorough analysis.

In its cross appeal, the Government contends the district court should have granted interest on the equitable recoupment. According to the Government, it is entitled to interest on unpaid tax as a matter of law, and the district court based its decision on an erroneous interpretation of our decision in IES Industries. We disagree. As the district court observed, this is not a "tax due" case, but a case involving equitable offset to prevent unjust enrichment. Id. at 1164. The court did not consider IES Industries as controlling precedent, but merely used it for guidance in the absence of controlling authority. Id. Given the countervailing equitable considerations, we cannot say the district court abused its discretion in denying interest on the equitable recoupment. Through an honest mistake, the G.A. Buder estate erroneously claimed the QTIP deduction for the residual trust. The Government discovered the error, and thus knew of its claim against the G.A. Buder estate, before the statute of limitations expired, but chose not to pursue it. The Government can only recover now because the Kathryn Buder estate made a mistake in including the residual trust on its tax return, and thus is owed a refund by the Government. Under the circumstances, the district court could reasonably conclude it is not unfair to deny the Government interest on the amount recouped.

We thus affirm the district court.

_____